UNITED STATES *v.* OREGON CENTRAL MILITARY ROAD CO.

(*Circuit Court, D. Oregon.* February 20, 1890.)

In Equity.
*L. L. McArthur,* U. S. Atty., solicitor for complainant.
*James K. Kelley* and *Dolph, Bellinger, Mallory & Simon,* solicitors for defendant.
Before SAWYER, Circuit Judge.

SAWYER, J. This case, in nearly all respects, is similar to that just decided, *U. S. v. Military Road Co.,* ante, 493. The principal difference between the cases consists in the fact, that in this case, the certificates of the governor, of completion, are made on the completion of each section of 50 miles, and the act authorized the sale of 30 sections of the land *before any work was done,* and of 30 more upon the certificate of the governor of the completion of each 10 miles of the road, till the whole should be completed. The first certificate, that 50 miles had been completed, was made by Governor Gibbs, and the subsequent certificates, by Governor Woods, who made the certificate in the other case. So, also in this case, *the governor is not charged with acting fraudulently* in issuing the certificates, as he was in the other. If this case, as is contended on this account, is brought within the decision of *U. S. v. Flint, U. S. v. Throckmorton,* and *U. S. v. Carpenter,* 4 Sawy. 42, and the same cases affirmed on appeal, 98 U. S. 68, it stands in a stronger position than the other, for in that view, since the officer to determine the question was no participant in the fraud, his decision is conclusive, and unassailable even in equity. However, the rule may be, as applicable to this case, the pleas must be held sufficient, and the bill dismissed, for the reasons stated in the case of *U. S. v. Military Road Co.,* and it is so ordered.